CONDE, DEMANDANTE Y APELANTE, *v.* THE PORTO RICO RAILWAY, LIGHT & POWER CO., DEMANDADA Y APELADA.

No. 3096.—*Visto:* Mayo 6, 1924. *Resuelto:* Mayo 31, 1924.

NEGLIGENCIA CONTRIBUTORIA.—Una persona que al tratar de cruzar una vía férrea sin mirar, es golpeada por un carro eléctrico que discurría por ella, es culpable de negligencia contributoria y no tiene derecho a recobrar daños.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), en pleito de indemnización, declarando sin lugar la demanda con las costas. *Confirmada.*

*E. López Tizol,* abogado del apelante; *J. H. Brown* y *P. Amado Rivera,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los hechos ante nuestra consideración son semejantes a los del caso de *El Pueblo* v. *Vázquez,* (pág. 194) en tanto fué la persona golpeada quien se colocó en una situación de peligro, con la notable diferencia de que en este caso la corte dictó sentencia a favor de la demandada. En ausencia pues de un claro error y con cualquier conflicto en la cuestión o cuestiones litigiosas esenciales, debe sostenerse la conclusión de la corte.

La corte inferior declaró probado que la causa próxima del accidente fué la negligencia del demandante. Hubo prueba tendente a acreditar que él fué llevado en un automóvil particular al sitio del accidente y se paró razonablemente cerca de la vía del carro mientras el chofer cambiaba una moneda; que él primero procuró ver si venía un carro eléctrico, estuvo dos minutos en conversación con el chofer del automóvil y entonces trató de cruzar la vía del carro sin fijarse. Al menos dos testigos declararon que el demandante corrió hacia el costado del carro eléctrico.

Hubo prueba tendente a demostrar que el motorista tocó su campana, pero aun cuando la alegada falta en tocar la campana fuera una negligencia, bajo los hechos del caso hubo negligencia contributiva por parte del demandante al tratar de atravesar la vía sin mirar.

No hubo prueba para hacer que el caso quedara comprendido en la doctrina referente a la última verdadera oportunidad de evitar el accidente (*last clear chance*), como alega sin demostrar el apelante.

Debe *confirmarse* la sentencia apelada.